# OCTOBER TERM, 1864, AT DETROIT.

————•◆•————

### John T. Symes, Administrator of the Estate of Erasmus G. Tucker, v. Alpheus Oliver.

*Damages in Trover:* In an action of trover for the conversion of pine logs, which the defendant had unlawfully cut on the plaintiff's land, and taken off and sold; it not being shown that the logs were sold for more than their real value; — *Held,* That the plaintiff was entitled to recover, as damages, the amount for which the logs were sold by the defendant, with interest thereon from the date of the conversion.

*Heard October* 11 *and* 12. *Decided October* 18.

Case made after judgment, from Saginaw Circuit. In the Court below judgment was rendered for the defendant upon the merits. The facts, so far as necessary to an understanding of the legal questions, are stated in the opinion of the Court.

*Wm. H. Sweet* and *John Moore,* for plaintiff.
*Sutherland & Miller,* for defendant.

CHRISTIANCY J.:

This is a case made after judgment for our decision upon the facts and the law. The action was trover for the conversion of pine logs cut on the lands of the deceased, (plaintiff's intestate,) and sold by defendant.

The defence set up was that the logs were cut under a license from plaintiff's intestate, and as his partner, and that the proceeds went into the account of the partnership which existed between the intestate and defendant

in reference to other lands, and a saw-mill, of which they were tenants in common, and in reference to lumbering business. We have been unable to discover any evidence tending to show a license from the intestate; and there is a decisive preponderance of evidence. that the proceeds were not carried into the partnership account. The evidence clearly sustains the declaration, and shows that defendant, of his own wrong, and without license, cut the logs on the individual lands of the intestate to the amount of three hundred and forty-four thousand feet, which he sold for the sum of one thousand three hundred and sixty dollars.

These logs being the property of the intestate at the time of the conversion, and the amount which defendant received for them not being shown to be more than their real value, (if, indeed, this were competent,) the plaintiff is entitled to recover this amount, with interest from the time of the conversion,—say from May 1st, 1855. The judgment of the Court below must be reversed, and a judgment rendered in this Court in favor of the plaintiff for the above amount, with his costs in both Courts.

The other Justices concurred.